[Civ. No. 18866.   First Dist., Div. Two.   Oct. 6, 1960.]

MARC GUERBADOT, Respondent, v. GEORGE SNECKNER, Appellant.

Donnell B. McCarthy for Appellant.

Atkinson & Farasyn for Respondent.

DRAPER, J.—In this action, complaint and cross-complaint seek damages for breach of the same oral contract. The case was tried to a jury. The trial judge directed a verdict in favor of cross-defendant on the cross-complaint. The issues raised by the complaint were submitted to the jury, which returned a verdict for plaintiff in the amount of $6,125. Defendant appeals from the ensuing judgment.

Defendant owned a home and some 3 acres. A cottage was located on this land. In December, 1952, defendant and plaintiff agreed that plaintiff would repair and add to the cottage and that he and his wife could thereafter occupy the cottage in return for these services and for work, the nature of which is in dispute, to be performed by him on defendant's property during his occupancy. Plaintiff, with some aid from defendant, performed the repair work and he and his wife moved into the cottage in October, 1953. In September, 1957, defendant notified plaintiff that he had not performed the required work about the premises, and that the arrangement was terminated. Plaintiff then left and brought this action. He alleged that he had in fact performed fully, that defendant's termination amounted to breach, and that plaintiff was entitled to recover reasonable rental value of the cottage for the period of his life expectancy, 10 years. Defendant's cross-complaint alleged that plaintiff had failed to perform during most of his period of occupancy, thus breaching the contract and entitling cross-complainant to rental value less the value of plaintiff's services.

We have concluded that the court erred in directing a verdict upon the cross-complaint. It is clear that plaintiff was to perform some continuing services in return for his right to occupy the cottage. There is evidence that he did not fully perform them. The directed verdict apparently was based upon the view that there was no proof of the amount of damage to cross-complainant. It is unnecessary for us to pass upon the propriety of cross-complainant's theory of the measure of damages. It seems clear that if he showed breach by plaintiff and resulting failure of consideration for the occupancy afforded to plaintiff, he was entitled to some recovery. It is uncertainty as to the fact of damage,

rather than its amount, which is fatal to a cause of action (*Allen* v. *Gardner,* 126 Cal.App.2d 335, 340 [272 P.2d 99]).

■ There is ample evidence of the rental value of the cottage. There is some evidence of the amount of service rendered by plaintiff. Although the testimony is thin, there is some basis for fixing the value of the services he did render, and from that, determining value of the services which cross-complainant claimed he failed to render. ■ Under the oft-repeated rule, review of the order for directed verdict requires us to view the evidence in the light most favorable to cross-complainant, disregard conflicting testimony, and resolve all reasonable inferences in his favor (48 Cal.Jur.2d, Trial, § 148). In this light, there is evidence from which the jury could have found that cross-complainant suffered damage. The directed verdict was not warranted.

■ Under the peculiar facts of this case, the conclusion is inescapable that the erroneous direction of a verdict against defendant on his cross-complaint adversely affected his defense to the complaint. The question raised by the two pleadings was the same: what was plaintiff required to do under the oral contract and what did he do. When the jury was directed, without explanation, to return a verdict for plaintiff on the cross-complaint, it could well have understood that the court had determined that plaintiff had performed all that he was required to do. Since the contract under which plaintiff sought recovery was the identical one upon which cross-complainant based his claim for damages, the jury was in effect told that contract and performance were as plaintiff claimed. Nothing was left but to determine the amount of plaintiff's recovery and defendant was effectively deprived of the right to submit to the trier of the fact his defense against liability.

Judgment reversed and cause remanded for new trial upon both complaint and cross-complaint.

Kaufman, P. J., and Shoemaker, J., concurred.